UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHEN A. WILLIAMS,

Plaintiff,

v.

REAL TIME RESOLUTIONS, ET AL.,

Defendants.

_____/

Case No. 21-cv-10007

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

## OPINION AND ORDER (1) GRANTING DEFENDANT DEUTSCHE BANK'S MOTION TO DISMISS [#5]; (2) GRANTING DEFENDANT REAL TIME RESOLUTIONS' MOTION TO DISMISS [#6]; AND (3) DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT [#14]

### I. INTRODUCTION

On October 22, 2020, Plaintiff Stephen A. Williams ("Plaintiff") filed the instant action against Defendants Real Time Resolutions ("RTR") and Deutsche Bank National Trust Company, as Trustee for Argent Securities Inc., Asset-Back Pass-Through Certificates, Series 2006-M1, under the Polling and Servicing Agreement Dated June 1, 2006 ("Deutsche Bank") in the Wayne County Circuit Court. ECF No. 1. Deutsche Bank timely removed this action to this Court with RTR's consent on January 4, 2021. ECF No. 1.

There are three motions presently before the Court: (1) Deutsche Bank's Motion to Dismiss (ECF No. 5); (2) RTR's Motion to Dismiss (ECF No. 6); and (3)

Plaintiff's Motion for Leave to Amend Complaint to Include MCL 600.5807(5) (hereinafter, "Motion to Amend Complaint") (ECF No. 14). These motions are fully briefed. On July 20, 2021, the Court held a hearing on these motions. For the reasons that follow, the Court will **GRANT** Deutsche Bank's Motion to Dismiss [#5]. The Court will also **GRANT** RTR's Motion to Dismiss [#6]. Lastly, the Court will **DENY** Plaintiff's Motion for Leave to Amend Complaint [#14].

## II. BACKGROUND

### A. Factual Background

Plaintiff seeks to quiet title to a property in Detroit, Michigan (hereinafter, the "Property"). The parties agree that Plaintiff purchased the Property on June 21, 1993. ECF No. 1-2, PageID.14; ECF No. 6, PageID.101. According to Defendants, Plaintiff borrowed $175,500 from Remington Mortgage, Inc. (hereinafter, the "Loan") on April 18, 2006. ECF No. 5, PageID.65; ECF No. 6, PageID.101. The Court notes that Plaintiff does not provide any details regarding the Loan in his Complaint.

As security for repayment of the Loan, Plaintiff purportedly executed and delivered a Mortgage encumbering the Property. *See id.* The Mortgage was recorded on May 2, 2006 with the Wayne County Register of Deeds.[1] ECF No. 5-

---

[1] A document not formally incorporated by reference or attached to a complaint may still be considered part of the pleadings when the "document is referred to in the complaint and is central to the plaintiff's claim[.]" *Greenberg v. Life Ins. Co. of Va.*,

2; ECF No. 6-4.  The Court notes that Plaintiff references the Mortgage in his Complaint, ECF No. 1-2, PageID.14, 15, but does not provide any of the aforementioned details.  The Mortgage was subsequently assigned from Remington Mortgage Inc. to Argent Mortgage Company, LLC, and eventually to Deutsche Bank.  ECF No. 6, PageID.101–02.  The Mortgage assigned to Deutsche Bank was recorded with the Wayne County Register of Deeds on February 16, 2009.  ECF No. 1-2, PageID.22.  RTR is the present servicer of the Loan.  ECF No. 5, PageID.66.

On September 6, 2012, Plaintiff filed for Chapter 7 bankruptcy relief in the United States Bankruptcy Court for the Eastern District of Michigan, Southern Division (hereinafter, "Bankruptcy Proceedings") (#12-60402-mbm).  ECF No. 5, PageID.66; ECF No. 6, PageID.102.  On December 11, 2012, Plaintiff received a Discharge Order.  ECF No. 5-3; ECF No. 6-7.  The Discharge Order states, as relevant for the present Motions: "[A] creditor may have the right to enforce a valid lien, such as a mortgage or security interest against the debtor's property after bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case."  ECF No. 6-7, PageID.163.  In their respective Motions, Deutsche Bank and RTR emphasize that Plaintiff did not take any action in the Bankruptcy Proceedings to

---

177 F.3d 507, 514 (6th Cir. 1999).  "[I]f the plaintiff fails to attach the written instrument upon which he relies, the defendant may introduce the pertinent exhibit." *QQC, Inc. v. Hewlett-Packard Co.*, 258 F. Supp. 2d 718, 721 (E.D. Mich. 2003) (citation omitted).  Both Deutsche Bank and RTR attached copies of the relevant Mortgage to their respective Motions to Dismiss.

avoid or eliminate the Mortgage.  ECF No. 5, PageID.66; ECF No. 6, PageID.103. In Plaintiff's present Complaint, he only avers that the Bankruptcy Proceedings "discharged the Note on the subject property."  ECF No. 1-2, PageID.14.

### B. Procedural Background

On October 22, 2020, Plaintiff initiated the present lawsuit in the Wayne County Circuit Court, Case No. 20-013957.  ECF No. 1-2.  On January 4, 2021, Deutsche Bank timely removed the lawsuit to this Court with co-Defendant RTR's consent.  ECF No. 1.  Plaintiff seeks to avoid the Mortgage and to quiet title to the Property.  In his Complaint, Plaintiff brings two claims against Defendants: (1) declaratory judgment; and (2) quiet title.  ECF No. 1-2.

Deutsche Bank and RTR each timely filed Motions to Dismiss Plaintiff's present Complaint in its entirety.  ECF Nos. 5, 6.  In their respective Motions, Deutsche Bank and RTR argue that the Bankruptcy Proceedings and the Discharge Order do not impact the validity of the Mortgage as an enforceable lien on the Property.  ECF No. 5, PageID.68; ECF No. 6, PageID.113.  They assert that while a bankruptcy discharge extinguishes personal liability on the underlying debt, it does not invalidate creditors' liens going forward.  *Id.*  Moreover, they each argue that the applicable statute of limitations is found in MCL § 600.5803, rather than MCL § 600.5807(4) as averred in Plaintiff's Complaint.  ECF No. 5, PageID.69; ECF No.

6, PageID.114.  Deutsche Bank and RTR assert that the Mortgage remains a valid and enforceable lien on the Property.  *Id.*

In his Response briefs to the respective Motions, Plaintiff contends that he has established that he is the owner of the Property and that Deutsche Bank's lien should be extinguished.  ECF No. 9, PageID.187.[2]  He explains that "despite the existence of the subject Mortgage, [he] may challenge the Mortgage on the subject property[.]"  *Id.*  As to his first claim for declaratory judgment, Plaintiff argues that all five *Grand Trunk* factors weigh in his favor.  *Id.* at PageID.189.  Moreover, in response to Deutsche Bank's and RTR's argument related to the statute of limitations, Plaintiff maintains that MCL § 600.5807(5) applies to his claims.  *Id.*   Plaintiff also asserts that the doctrine of laches bars Deutsche Bank's reliance on MCL § 600.5803.  *Id.* at PageID.190.  Lastly, Plaintiff contends that the Property was forfeited to the Wayne County Treasurer pursuant to MCLA 211.1 *et seq.*, "which negatively effects [sic] the validity of Defendant, Deutsche Bank's Mortgage."  *Id.* at PageID.192.  Deutsche Bank and RTR each timely filed a Reply to Plaintiff's Response briefs.

Approximately one month after the aforementioned Motions were fully briefed, Plaintiff filed his Motion to Amend Complaint.  ECF No. 14.  In his Motion, Plaintiff seeks to amend his Complaint to include MCL § 600.5807(5).  *Id.* at

---

[2] The Court notes that Plaintiff's Response briefs to Deutsche Bank's and RTR's separate Motions are identical.  The Court will cite to Plaintiff's Response to Deutsche Bank's Motion (ECF No. 9)  for the remainder of this Opinion and Order.

PageID.287.  He asserts that the only "salient issue" before the Court is the parties' dispute concerning the applicable statute of limitations.  *Id.* at PageID.277.

In its Response, Deutsche Bank argues that Plaintiff's proposed amendment fails as a matter of law and is therefore futile.  ECF No. 16, PageID.303.  Deutsche Bank asserts that MCL § 600.5807(5) does not apply because Plaintiff has not been sued following his breach of the Mortgage.  *Id.* at PageID.306.  It maintains that the applicable statute of limitations is found in MCL § 600.5803, which provides a 15-year statute of limitations on actions to foreclose mortgages.  *Id.*

RTR also argues that Section 5803 sets forth the applicable statute of limitations for the present action in its separate Response to Plaintiff's Motion.  ECF No. 17, PageID.317.  In addition to arguing that the proposed amendment would be futile, RTR contends that Plaintiff's Motion is brought in bad faith since the statute of limitations issue has already been fully briefed in the Motions to Dismiss.  *Id.* at PageID.316.  Plaintiff timely filed his Reply briefs.  ECF Nos. 20, 21.[3]

### III. LAW & ANALYSIS

### A. Defendants' Motions to Dismiss (ECF Nos. 5 and 6)

### 1. Legal Standard

---

[3] The Court notes that Plaintiff's Reply briefs are identical.  The Court will cite to Plaintiff's Reply to Deutsche Bank's Response (ECF No. 20)  for the remainder of this Opinion and Order.

Federal Rule of Civil Procedure 12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint must comply with the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks omitted) (quoting Fed. R. Civ. P. 8(a)(2); *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To meet this standard, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Iqbal*, 556 U.S. at 678–80 (applying the plausibility standard articulated in *Twombly*).

When considering a Rule 12(b)(6) motion to dismiss, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of his factual allegations as true. *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). While courts are required to accept the factual allegations in a complaint as true, *Twombly,* 550 U.S. at 556, the presumption of truth does not apply to a claimant's legal conclusions. *See Iqbal,* 556 U.S. at 678. Therefore, to survive a motion to dismiss, the plaintiff's pleading for relief must provide "more than labels and conclusions,

and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters v. City of Cleveland,* 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Twombly,* 550 U.S. at 555) (internal citations and quotations omitted).

The district court generally reviews only the allegations set forth in the complaint in determining whether to grant a Rule 12(b)(6) motion to dismiss, however "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account. *Amini v. Oberlin College*, 259 F. 3d 493, 502 (6th Cir. 2001). Documents attached to a defendant's "motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Id.*

### 2. Analysis

Deutsche Bank and RTR each argue that Plaintiff's entire Complaint fails to state a claim for which relief may be granted in their respective Motions. ECF Nos. 5, 6. The Court will address Plaintiff's two claims below.

### a. Quiet Title (Count II)

In Count II of his Complaint, Plaintiff brings a claim for quiet title. He alleges that "Defendants do not actually have an interest in the Subject Property, and their claims to the contrary are therefore without merit." ECF No. 1-2, PageID.16. Moreover, Plaintiff avers that the Mortgage to the Property is "void or voidable." *Id.*

Mich. Comp. Laws § 600.2932, which Plaintiff cites to in his Complaint, provides, in relevant part:

> Any person, whether he is in possession of the land in question or not, who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring an action in the circuit courts against any other person who claims or might claim any interest inconsistent with the interest claimed by the plaintiff, whether the defendant is in possession of the land or not.

MCL § 600.29232(1).  The Sixth Circuit has determined, however, that "quiet title is a remedy, not a freestanding claim.  Like a request for an injunction or disgorgement, a request for quiet title is only cognizable when paired with some recognized cause of action." *Jarbo v. Bank of N.Y. Mellon*, 587 F. App'x 287, 290 (6th Cir. 2014) ("Because the [plaintiffs] assert their quiet title claim as a discrete count, the district court was correct to dismiss it.").

Moreover, MCR 3.411 provides that complaints asserting quiet tile claims under MCL § 600.2932 must allege "(a) the interest the plaintiff claims in the premises; (b) the interest the defendant claims in the premises; and (c) the facts establishing the superiority of the plaintiff's claim." *Haywood v. RoundPoint Mortg. Servicing Corp.*, No. 18-10111, 2018 WL 3159624, at *5 (E.D. Mich. June 28, 2018) (citing Mich. Ct. R. 3.411(B)(2)).  In an action to quiet title, the plaintiff has the initial burden of proof and must make out a prima facie case of title.  *Beulah Hoagland Appleton Qualified Pers. Residence Tr. v. Emmet Cnty. Road Comm'n*, 600 N.W. 2d 698, 701 (Mich. Ct. App. 1999) (citation omitted).  Once the plaintiff

establishes a prima facie case, the defendants then have the burden of proving a superior right or title.  *Id.* (citation omitted).

In their respective Motions, Deutsche Bank and RTR assert that Plaintiff has failed to plead a prima facia claim for quiet title and that his claim is thus subject to dismissal pursuant to Rule 12(b)(6).   ECF No. 5, PageID.68; ECF No. 6, PageID.107.   Plaintiff avers, without any factual support, that: (a) Defendants' interest in the Property is "inconsistent with the interest claimed by Plaintiff"; (b) "Defendants do not actually have an interest in the Subject Property"; (c) the Mortgage is "void or voidable"; and (d) the "Mortgage has created a cloud on the title to the Subject Property."  ECF No. 1-2, PageID.16.  Importantly, Plaintiff does not aver that his interest in the Property is superior to Defendants' interest.

In his Response, Plaintiff merely asserts that he "has established that he is the owner of the Subject Property and that Defendant, Deutsche Bank['s] lien should be extinguished."   ECF No. 9, PageID.187.   Importantly, he does not provide any argument that his interest is superior to Defendants' interest.  Accordingly, the Court agrees with Deutsche Bank and RTR that Plaintiff has not alleged, let alone established, a superior interest in the Property.  *See* ECF No. 5, PageID.68; ECF No. 6, PageID.107.

Moreover, the Court agrees with Deutsche Bank and RTR that the Discharge Order did not invalidate or impair the Mortgage.  ECF No. 5, PageID.68; ECF No.

10

6, PageID.113.  In his Complaint, Plaintiff alleges that the Bankruptcy Proceedings "discharged the Note" and that "all that is arguably remaining on the subject property is the Mortgage and ownership."  ECF No. 1-2, PageID.14–15.  The Court notes that a bankruptcy discharge extinguishes only personal liability on the underlying debt; such an order does not invalidate creditors' liens going forward.  *Farrey v. Sanderfoot*, 500 U.S. 291, 297 (1991); *Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991).  As another court in this District explained:

> [T]he Supreme Court reasoned in *Johnson v. Home State Bank,* such discharge does not eliminate the bank's right to proceed with foreclosure proceedings *in rem* because these latter actions survive Chapter 7 liquidation.  The Supreme Court explained that Chapter 7 liquidation extinguishes a debtor's personal liability, only, for any deficiency on the debt owed.  However, "the [Bankruptcy] Code provides that a creditor's rights to foreclose on the mortgage survives or passes through the bankruptcy."

*Fialka v. U.S. Bank*, No. 14-cv-12147, 2014 WL 5361988, at *3 (E.D. Mich. Oct. 21, 2014) (Steeh, J.) (internal citations omitted); *see also Groff v. Wells Fargo Home Mortg. Inc.*, 108 F. Supp. 3d 537, 540 (E.D. Mich. 2015) (Lawson, J.) (citing *Johnson*, 501 U.S. at 84)).

As noted above, Plaintiff's Discharge Order asserts that "a creditor may have the right to enforce a valid lien, such as a mortgage or security interest against the debtor's property after bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case."  ECF No. 6-7, PageID.163.  Here, although Plaintiff's personal liability for any deficiencies on the Note was discharged, Defendants' rights to

foreclose on the Property were not.  The Court also denotes that Plaintiff took no action to avoid or eliminate the Mortgage after receiving the Discharge Order.  The Court concludes that as a matter of law, the Bankruptcy Proceedings and Discharge Order do not impact the validity of the Mortgage as an enforceable lien on the Property.

Moreover, the statute upon which Plaintiff relies is inapplicable to the present action.  In his Complaint, Plaintiff asserts that he "contests that the Mortgage is still in full effect pursuant to MCL § 600.5807(4)."  ECF No. 1-2, PageID.15.  However, as noted by both Deutsche Bank and RTR, Section 5807(4) is the statute of limitations for execution on a bond.  ECF No. 5, PageID.69; ECF No. 6, PageID.114.  In his Response, Plaintiff curiously cites to MCL § 600.5807(5) in support of his action, rather than MCL § 5807(4).  ECF No. 9, PageID.189.  For the sake of the present Motions' full consideration, the Court will address the applicability of Section 5807(5).[4]  For the reasons stated below, the Court agrees with Deutsche Bank and RTR that the applicable statute of limitations is found in MCL § 600.5803, not in MCL § 600.5807(5).

---

[4] The Court denotes that Plaintiff moves the Court to include Section 5807(4) in his proposed Amended Complaint.  ECF No. 14.  The Court will evaluate the parties' present dispute concerning the applicable statute of limitations as it relates to the present Motions to Dismiss and will address any outstanding issues in its analysis regarding Plaintiff's Motion to Amend Complaint below.

According to Plaintiff, MCL § 600.5807(5) is "clearly on point in that the statute clearly states that … (t)he period of limitations is 10 years for an action founded on a covenant in a deed or mortgage of real estate." *Id.* Notably, he does not provide any case law, controlling or otherwise, to support his argument. Both Deutsche Bank and RTR emphasize that Section 5807 sets forth the statute of limitations on breach of contract claims. ECF No. 12, PageID.236; ECF No. 13, PageID.243. In a breach of contract action based on a breach of covenant in a deed or in a mortgage of real estate, the statute of limitations is ten years. *Visioneering Inc. Profit Sharing Tr. v. Belle River Joint Venture*, 386 N.W.2d 185, 187 (Mich. Ct. App. 1986). As Deutsche Bank correctly highlights in its Reply, "Section 5807(5) does not apply because no one has sued [Plaintiff] for damages following his breach of the Mortgage, nor is [Plaintiff] asserting claims founded on any covenant in the Mortgage." ECF No. 12, PageID.236. Plaintiff does not dispute this in his Response; rather, he only asserts that he is not foreclosing on the mortgage and is instead seeking to quiet title. ECF No. 9, PageID.190.

The statute of limitations on actions to foreclose mortgages is instead governed by MCL § 600.5803. *See Wishart v. Fed. Nat. Mortg. Assoc.*, No. 16-11212, 2016 WL 3087703, at *4 (E.D. Mich. June 2, 2016) (Berg, J.); *see also Adelson v. Ocwen Loan Servicing, LLC*, No. 19-13569, 2020 WL 7294361 (E.D. Mich. Aug. 20, 2020), report and recommendation adopted, 2020 WL 6580628, at

*6 (E.D. Mich. Nov. 10, 2020) (Berg, J.).  Pursuant to Section 5803, a proceeding to foreclose on a mortgage must begin within "15 years after the mortgage becomes due or within 15 years after the last payment was made on the mortgage."  MCL § 600.5803.  In his Response, Plaintiff admits that he made his last mortgage payment in August 2009.  ECF No. 9, PageID.190.  Accordingly, Deutsche Bank, as Trustee, has until August 2024 to foreclose on the Mortgage.  In sum, the Court agrees with Deutsche Bank and RTR that the statute upon which Plaintiff relies—MCL § 600.5807(5)—is inapplicable to the circumstances presented in this case.  Plaintiff's arguments about the applicable statute of limitations thus fail.

The Court also takes notice of Plaintiff's argument that laches bars Deutsche Bank's reliance on MCL § 600.5803.  ECF No. 9, PageID.190–92.  He asserts that "[i]n Plaintiff's defense of Defendant's assertion that MCL 600.5803 applies, case law would strongly disagree with Defendant under the circumstances of this case."  *Id.* at PageID.190.  Plaintiff then cites to several cases which apply the doctrine of laches.  *Id.* at PageID.190–91.  Importantly, none of these cases stand for the proposition that the doctrine should be applied against a defendant that is not asserting any affirmative claims.[5]  At this juncture, Deutsche Bank and RTR are only

---

[5] The Court takes notice of Plaintiff's citation to *Tenneco, Inc. v. Amerisure Mut. Ins. Co.*, 761 N.W.2d 846 (Mich. Ct. App. 2008) for the proposition that laches may still bar a legal claim where the statute of limitations has not yet expired.  ECF No. 9, PageID.191.  As Deutsche Bank correctly asserts in its Reply, however, the court in *Tenneco* emphasized that "inexcusable delay in bringing suit must have resulted

moving to dismiss Plaintiff's Complaint.   Plaintiff is not defending any claim brought by either Deutsche Bank or RTR.

The doctrine of laches is a tool of equity that applies to cases in which "there is an unexcused or unexplained delay in commencing an action and a corresponding change of material condition that results in a prejudice to a party." *Wayne Cnty. v. Wayne Cnty. Ret. Comm'n*, 704 N.W.2d 117, 129 (Mich. Ct. App. 2005) (citation omitted).   Laches differs from the statute of limitations in that is generally not measured by the mere passage of time. *Lothian v. City of Detroit*, 324 N.W.2d 9, 14 (Mich. 1982).   The Michigan Supreme Court has emphasized that when a court considers whether a plaintiff is chargeable with laches, the court "must afford attention to prejudice occasioned by the delay." *Id.* (citation omitted).   Stated differently, "laches is concerned with the effect of delay, while limitations are concerned with the fact of delay." *Id.* (citation omitted) (internal alterations and emphasis omitted).   Importantly, the Sixth Circuit has recognized a "strong presumption against asserting a laches defense to shorten a statute of limitations" and has cautioned that "only rarely might a laches defense bar relief before the applicable statute of limitations has run." *Operating Eng'r Loc. 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1054 (6th Cir. 2015) (citations omitted).

---

in prejudice" in order for laches to apply.   ECF No. 12, PageID.238.   As the Court will explain below, Plaintiff fails to address any prejudice to support his argument that laches applies to the present action.

Here, the Court emphasizes that Plaintiff, not Deutsche Bank or RTR, commenced this action.  Moreover, as both Deutsche Bank and RTR highlight in their respective Reply briefs, Plaintiff fails to address any prejudice suffered from the delay in bringing this action.  ECF No. 12, PageID.2358; ECF No. 13, PageID.245 n.2.  Plaintiff only cites to *Att'y Gen. v. PowerPick Player's Club of Mich., LLC*, 783 N.W.2d 515 (Mich. Ct. App. 2020) for the proposition that a "defendant bears the burden of proving any resultant prejudice from the delay."  ECF No. 9, PageID.191.  This brief assertion is insufficient for the Court to evaluate any alleged prejudice.  The Court thus concludes that the doctrine of laches is inapplicable to the present action.

Lastly, the Court will address Plaintiff's final argument in response to the present Motions.  Plaintiff contends at the conclusion of his Response that "the subject property was apparently forfeited to the Wayne County Treasurer pursuant to MCLA 211.1 et. seq. which negatively effects [sic] the validity of Defendant, Deutsche Bank's Mortgage."  ECF No. 9, PageID.192.  In its Reply, Deutsche Bank argues that Plaintiff's apparent failure to pay property taxes does not impact the Mortgage, "unless and until the County chooses to foreclose for unpaid taxes."  ECF No. 12, PageID.239.  The Court notes that should Wayne County choose to foreclose the Property, the Wayne County Treasurer must file a petition for foreclosure.  MCL § 211.78k(6); *see also Rose v. Oakland Cty. Treasurer*, No. 19-13066, 2020 WL

871304, at *3 (E.D. Mich. Feb. 21, 2020) (explaining the procedure of a judgement of foreclosure under MCL § 211.78 *et seq.*).  Here, the parties neither assert nor provide any documentation to establish such a petition has been filed.  Accordingly, Plaintiff's conclusory argument that the Property "was apparently forfeited to the Wayne County Treasurer," without more, is insufficient to defeat the present Motions.

In sum, and upon careful review of Plaintiff's Complaint, the Court concludes that Plaintiff has failed to allege facts establishing either an interest or a superiority of his claim to the Property.  Plaintiff has thus failed to state a claim for quiet title. *See Haywood v. RoundPoint Mortg. Servicing Corp.*, No. 18-10111, 2018 WL 3159624, at *5 (E.D. Mich. June 28, 2018) (internal citations omitted).  Plaintiff's argument that the Bankruptcy Proceedings discharged the Mortgage itself is without merit.  Moreover, Plaintiff's separate but related arguments as to MCL § 600.5807(5) and the doctrine of laches also fail.  Finally, Plaintiff's additional argument related to property taxes also does not support his claim to quiet title.

Accordingly, the Court will grant Deutsche Bank's and RTR's respective Motions as they relate to Plaintiff's quiet title claim (Count II).

### b.  Declaratory Relief (Count I)

Plaintiff also brings a claim for declaratory relief (Count I) in his Complaint. ECF No. 1-2, PageID.15.  His claim merely contains a quotation of MCR 2.605 and

does not provide any additional facts.  *Id.*  In their respective Motions, Deutsche Bank and RTR contend that the Court should not exercise jurisdiction over Plaintiff's claim for declaratory relief and that it should be dismissed.

Although the federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them," *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976), the exercise of jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), is not mandatory.  *See Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942); *see also Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 969 (6th Cir. 2000) ("By the Declaratory Judgment Act, Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants."). In the Sixth Circuit, courts consider five factors in deciding whether a case is appropriate for declaratory judgment:

> (1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for res judicata;" (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.

*Grand Trunk W. R.R. Co. v. Consolidated Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984).

In his Response, Plaintiff merely cites to the aforementioned *Grand Trunk* factors and asserts "[u]nder all five factors whether the Defendant, Deutsche Bank's mortgage remains a lien of the subject property is an actual case in actual controversy." ECF No. 9, PageID.189. Plaintiff does not provide the Court with any additional analysis. Moreover, as indicated above, Plaintiff only cites to MCR 2.605 in his Complaint.

Even if Plaintiff elaborated more on the *Grand Trunk* factors here, the Court would still decline to exercise jurisdiction over this matter under the Declaratory Judgment Act. As to the first two factors,[6] the declaratory action would not settle the controversy, nor would the declaratory action be useful in clarifying the legal relations at issue. As indicated above, Plaintiff has failed to state a claim or basis for quiet title. Moreover, as the Court determined above, his argument that the Bankruptcy Proceedings discharged the Mortgage itself is without merit.

The third factor, which evaluates whether a party's request for declaratory judgment action is motivated by "procedural fencing" or is likely to create an arena for res judicata, is inapplicable to this action.

As to the fourth factor, the Court agrees with RTR that the Michigan state courts would not have jurisdiction because no actual controversy exists. "When

---

[6] The first and second *Grand Trunk* factors are closely related. *Liberty Mut. Fire Ins. Co. v. Salmo*, No. 09-13482, 2010 WL 2740170, at *3 (E.D. Mich. July 12, 2010).

there is no actual controversy, the court lacks jurisdiction to issue a declaratory judgment." *Van Buren Charter Twp. v. Visteon Corp.*, 904 N.W.2d 192, 197 (Mich. Ct. App. 2017) (citation omitted).  Thus, "the existence of an 'actual controversy' is a condition precedent to the invocation of declaratory relief." *Id.* (citation omitted). To reiterate once more, Plaintiff's present claim only includes a quotation of MCR 2.605.  ECF No. 1-2, PageID.15.  He does not provide the Court with any facts to support his claim and he fails to explain any actual controversy.  To the extent that Plaintiff seeks to argue that the Discharge Order invalidated the Mortgage, the Court reasserts its conclusion that the Bankruptcy Proceedings and Discharge Order do not impact the validity of the Mortgage as an enforceable lien on the Property.  Indeed, a bankruptcy discharge extinguishes only personal liability on the underlying debt. *Farrey v. Sanderfoot*, 500 U.S. 291, 297 (1991); *Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991).  Moreover, the Court denotes once more that Plaintiff received the Discharge Order on December 11, 2012.  ECF No. 6-7.  Plaintiff offers no explanation as to why he waited to file his suit nearly eight years after receiving the Order.

Lastly, the Court agrees with RTR that the fifth and final factor, which evaluates the availability of an alternative remedy, appears to be inapplicable to this action.  Even if Plaintiff's claims remained in the state court, he would not be entitled to declaratory relief.  As indicated above, his claim for quiet title fails as a matter of

law and the Mortgage is neither invalidated nor impaired as a result of the Discharge Order.

In sum, the Court agrees with RTR that the *Grand Trunk* factors do not weigh in Plaintiff's favor.  In light of the "unique and substantial" discretion which the Declaratory Judgment Act confers on district courts, the Court will decline to exercise its jurisdiction over Plaintiff's claim.  *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995).

Accordingly, the Court will also grant Deutsche Bank's and RTR's respective Motions as they relate to Plaintiff's declaratory relief claim (Count I).

## B. Plaintiff's Motion for Leave to Amend Complaint (ECF No. 14)

### 1. Legal Standard

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, a party may amend a pleading before trial as a matter of course, with the opposing party's written consent, or by leave of the Court.  *See* Fed. R. Civ. P. 15(a)(1)-(2).  Rule 15 clarifies that a "court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The Sixth Circuit has found that "[t]he decision as to when 'justice requires' an amendment is within the discretion of the trial judge."  *Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989) (citation and alteration omitted).

Nevertheless, "[a]lthough Federal Rule of Civil Procedure 15(a)(2) provides that a court should freely give leave to amend a complaint when justice so requires,

the right to amend is not absolute or automatic." *Tucker v. Middleburg–Legacy Place*, 539 F.3d 545, 551 (6th Cir. 2008) (internal quotation and modification omitted).  The Sixth Circuit has guided that "[i]n deciding whether to allow an amendment, the court should consider the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir.2001); *see Brown v. Chapman*, 814 F.3d 436, 443 (6th Cir. 2016).  "Delay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Brooks v. Celeste*, 39 F.3d 125, 129 (6th Cir. 1994) (citing *Head*, 870 F.2d at 1123).

### 2.  Analysis

As indicated above, Plaintiff filed his present Motion to Amend Complaint after Deutsche Bank's and RTR's Motions to Dismiss were fully briefed.  In his present Motion, Plaintiff seeks leave for the limited purpose of including MCL § 600.5807(5) in his Amended Complaint.  ECF No. 14.  He argues that the "only salient issue" among the parties is the applicable statue of limitations.  *Id.* at PageID.27.  Plaintiff contends that he has not delayed in asserting his amendment request and that he will be prejudiced if not allowed to amend his Complaint because

Section 5807(5) "is the necessary Statute that the gravamen of Plaintiff's case." *Id.* at PageID.287.  Moreover, Plaintiff argues that Defendants are not prejudiced by his request since he raised this issue in response to the Motions to Dismiss.  *Id.*

Deutsche Bank and RTR each argue that Plaintiff's proposed amendment is futile.  ECF No. 16, PageID.306; ECF No. 17, PageID.316–17.  A proposed amendment is "futile" if the amendment could not withstand a Rule 12(b)(6) motion to dismiss.  *See Peffer v. Thompson*, 754 F. App'x 316, 320 (6th Cir. 2018); *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000)).  Here, Deutsche Bank and RTR cite to their prior arguments raised in their respective Motions to Dismiss regarding the applicable statute of limitations.  As the Court discussed in its analysis resolving these two Motions, MCL § 600.5803 is the applicable statute of limitations for this action.  The Court emphasizes once more that Plaintiff did not file an action for a breach of covenant in a deed or mortgage.  Accordingly, MCL § 600.5807(5) is not relevant to this action.  Given that the Court has already determined that MCL § 600.5807(5) is not relevant to this action, and that Plaintiff's arguments related to this statute could not withstand Defendants' Motions to Dismiss, the Court agrees with Deutsche Bank and RTR that Plaintiff's proposed amendment would be futile.[7]

---

[7] Notably, Plaintiff does not attempt to dispute Defendants' separate futility arguments in his Reply; rather, he merely asserts in one sentence that his Motion

The Court takes notice of RTR's additional argument that Plaintiff's Motion is brought in bad faith because the relevant statute of limitations issue has already been fully briefed in the Motions to Dismiss. ECF No. 17, PageID.316. While the Court agrees with RTR to the extent that this issue has already been briefed, and now resolved, the Court declines to find that Plaintiff brought his Motion in bad faith. Rather, the Court only denotes that the parties' arguments in the present briefs are duplicative.

In sum, the Court finds that, in light of the proposed amendment's futility, Plaintiff has not demonstrated good cause to file an Amended Complaint at this stage of the litigation. Accordingly, the Court will deny Plaintiff's Motion for Leave to Amend Complaint.

## IV. CONCLUSION & ORDER

For the reasons articulated above, **IT IS HEREBY ORDERED** that Deutsche Bank's Motion to Dismiss [#5] is **GRANTED**.

**IT IS FURTHER ORDERED** that RTR's Motion to Dismiss [#6] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Amend Complaint [#14] is **DENIED**.

---

"should not be denied because the amendment is not futile." ECF No. 20, PageID.328.

**IT IS SO ORDERED.**

Dated:       July 22, 2021

s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

CERTIFICATE OF SERVICE
Copies of this Order were served upon attorneys of record on
July 22, 2021, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager